## Case No. 18,041.

### WOOSTER v. TAYLOR et al.

[14 Blatchf. 403; 3 Ban. & A. 241.] 1

Circuit Court, S. D. New York. Feb. 15, 1878.

INFRINGEMENT OF PATENT—RECOVERY OF PROFITS.

Where the profits made by a defendant from the unlawful use of a patented invention amount to more than the license fees for such use would amount to, the plaintiff, although exercising his

---

1 [Reported by Hon. Samuel Blatchford, Circuit Judge, and by Hubert A. Banning, Esq., and Henry Arden, Esq., and here reprinted by permission.]

monopoly by the granting of licenses, is entitled to recover such profits, on an accounting for profits, and is not limited to such license fees.

[This was a bill in equity by George H. Wooster against Edmund W. Taylor, Jr., and Margaret Woodbury, to enjoin the infringement of letters patent No. 21,659, granted to A. Douglas October 5, 1858, and reissued December 10, 1872,—No. 5,180. The motion for an injunction was granted (Case No. 18,040), and the cause is now heard on exceptions to the master's report.]

Frederic H. Betts, for plaintiff.
James M. Townsend, for defendants.

WHEELER, District Judge. This cause has been heard on report and supplemental report of the master filed therein, exceptions thereto and argument of counsel. The reports show that the orator does not manufacture or sell his patented articles, but relies on license fees for his income from his patent; that such license fees, for the unlicensed use made by the defendants, paid at the beginning of each year, according to his rule, would amount to fourteen hundred dollars; that they were stopped soon after the commencement of the second year, by an injunction issued in this cause, on motion of the orator; and that the profits actually realized by the defendants, from the use they had, amounted to nineteen hundred sixteen dollars and twenty-eight cents. Among other exceptions, the defendants have filed some that raise the question whether the orator is entitled to recover anything beyond the amount of what his license fees would have been; and, if not, whether those should not be apportioned to the time they were suffered to use the invention. No other exceptions, besides those raising these questions, are insisted upon.

If the defendants had yielded to the orator's claims, and taken and paid for the licenses, the profits realized would have been theirs, and the orator would have had no just claim upon them. As they did not, the use they had of the invention was not theirs, but was the orator's, and what they realized from it, by force of the law, became his, and was not their own. By the express provision of the statute on this subject, the plaintiff is "entitled to recover, in addition to the profits to be accounted for by the defendant," the damages sustained by the infringement. Rev. St. U. S. § 4921. This shows, that, in contemplation of law, the profits actually realized by the infringer belong to the patentee, and, that, when the profits would not compensate for the damages sustained, as they might not, in many cases, he is entitled to the damages beyond.

When it comes to the measure of damages, as distinguished from profits, in cases like this, the loss of the license fees might be the limit of the patentee's loss. But they are not, in any such case, the measure or limit

of the infringer's gain. So, on many questions of damages strictly such, the license fees are evidence of damage, and, sometimes, the limit of recovery of damages, but cannot be evidence, and, much more, not a limit, of profits to be accounted for.

If the question of damages beyond profits was reached, and of any importance, it may be that the stoppage of the use of the patent by the injunction would make an apportionment of the license fees lawful and proper. But, as the profits exceed the damages, in any mode of reckoning the license fees, it is not necessary to consider the question made in that respect.

The exceptions are overruled, and the reports accepted and confirmed for the larger sum.